Filed 10/25/13  P. v. Mueck CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C071720 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR81726) |
| v. | |
| STEVEN WERNER MUECK, | |
| Defendant and Appellant. | |

Defendant Steven Werner Mueck pleaded guilty to bribing a witness and admitted to previously being convicted of two serious or violent felonies.  After a motion to withdraw his plea was denied, defendant was sentenced to an indeterminate term of 25 years to life in state prison in accordance with his plea.  Defendant's sole claim on appeal is that he is entitled to benefit from the change in law enacted by Proposition 36 because the judgment in his case is not yet final.  He asks us to vacate his sentence and remand this matter to the trial court for a new sentencing hearing.  We affirm the judgment.

1

DISCUSSION

While defendant's appeal was pending, the voters passed Proposition 36, limiting three strike sentences to current convictions for serious or violent felonies, or a limited number of other felonies that are not relevant here. (See Pen. Code, §§ 1170.12, subd. (c), 667, subd. (c).)[1] If defendant had been sentenced today, he would not be subject to an indeterminate life term.

Proposition 36 also added section 1170.126, which creates a postconviction release proceeding "intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) A prisoner is eligible for resentencing under section 1170.126 as a second strike offender if certain requirements are met. (§ 1170.126, subd. (e).)

In asking us to vacate his sentence and remand the matter, defendant relies on *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). Under *Estrada*, a statute lessening punishment is presumed to apply to all cases not yet reduced to final judgment on the statute's effective date unless there is a savings clause or its equivalent providing for prospective application. (*Id*. at pp. 744-745, 747-748; *People v. Brown* (2012) 54 Cal.4th 314, 322, 328 [*Estrada* principles did not require retroactive application of section 4019 amendments concerning presentence conduct credits].) Defendant contends the holding in *Estrada* applies to him and under the amended law he must be automatically resentenced to a determinate term (rather than merely remanded for a discretionary resentencing hearing pursuant to section 1170.126).

---

[1] Further citations to an unspecified code are to the Penal Code.

2

Recently, the Court of Appeal, Fifth Appellate District, concluded in *People v. Yearwood* (2013) 213 Cal.App.4th 161 (*Yearwood*) that the Proposition-36 added section 1170.126 is the equivalent of a "saving clause" and defeats the presumption of retroactivity set forth in *Estrada*. (*Yearwood*, *supra,* at pp. 172, 176.)

Section 1170.126, as noted, applies to "persons presently serving" a three strikes sentence of 25 years to life; under it, such a person "may file [in the trial court] a petition for a recall of sentence" to request resentencing under Proposition 36; and, if the person is eligible under Proposition 36, the trial court will resentence the person "unless the court, in its discretion, determines that resentencing the [person] would pose an unreasonable risk of danger to public safety." (§ 1170.126, subds. (a), (b), (f); see *id.*, subds. (e), (g).) Consequently, those already sentenced and serving a 25-year-to-life sentence under the "Three Strikes" law, like defendant here, must petition the trial court under section 1170.126 for a recall of sentence regardless of whether their judgment is final. (*Yearwood*, *supra*, 213 Cal.App.4th at p. 168.)

Moreover, whereas the Proposition 36-amended sections 667 and 1170.12 require nondiscretionary resentencing, the Proposition 36-enacted section 1170.126 gives the trial court discretion not to resentence a person who "would pose an unreasonable risk of danger to public safety." (Compare §§ 667, subd. (e) & 1170.12, subd. (c) with § 1170.126, subd. (f).) For the reasons set forth in *Yearwood*, defendant is not entitled to a remand from this court for resentencing in the trial court under amended sections 667 and 1170.12; defendant's recourse is to petition the trial court for a recall of sentence under section 1170.126. (*Yearwood*, *supra*, 213 Cal.App.4th at pp. 171-172, 176.)

Defendant also contends that retroactive application of Proposition 36 is compelled by equal protection. His contention lacks merit. To the extent Proposition 36 applies prospectively, prospective application of a statute that lessens punishment does not violate equal protection. (*People v. Floyd* (2003) 31 Cal.4th 179, 188-189; *People v. Lynch* (2012) 209 Cal.App.4th 353, 360-361.)

DISPOSITION

The judgment is affirmed.


                        NICHOLSON     , Acting P. J.


We concur:


        HULL        , J.


        MURRAY     , J.